UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
RICHARD J. FORTUNA,            )
                               )
         Plaintiff             )
                               )   CIV. ACTION NO. 04-12697 MLW
v.                             )
                               )   RECEIPT #_____
                               )   AMOUNT $_____150.00____
JOHN E. POTTER, as he is       )   SUMMONS ISSUED___3____
POSTMASTER GENERAL of          )   LOCAL RULE 4.1_____
the UNITED STATES,             )   WAIVER FORM_____
                               )   MCF ISSUED_____
         Defendant.            )   BY DPTY. CLK._____
                               )   DATE_____
```

COMPLAINT AND JURY CLAIM        MAGISTRATE JUDGE_____

## I. INTRODUCTION

1.  Richard J. Fortuna brings this action seeking remedial orders requiring defendant to refrain from discriminating against its employees on the basis of age; to restore him to his employment with it; and to pay him his lost wages, including back salary; or in the alternative, prospective pay until he finds new employment at the rate he was earning from defendant.

## II. JURISDICTION

2.  Jurisdiction over the parties and subject matter of this action is conferred upon this court by 29 U.S.C. §626(c).

-1-

### III. PARTIES

3. Plaintiff Richard J. Fortuna ("Mr. Fortuna") is a natural person with a residence at 3 Hemlock Street, Danvers, Massachusetts, 01923.

4. Defendant John E. Potter is a natural person who is sued in his capacity as Postmaster General of the United States. Mr. Potter on information and belief supervises the functioning of the United States Postal Service and has an address at 475 L'Enfant Plaza S.W., Washington D.C. 20260-1100. His regional legal office is at 8 Griffin Road N., Windsor, Connecticut, 06006-0170.

### IV. FACTS

5. Richard J. Fortuna, a man born May 11, 1951, had had a successful career spanning more than twenty-five years in the automobile sales field when he applied successfully in 2001 to become a letter carrier for the United States Postal Service.

6. Mr. Fortuna began his career as a part-time flexible city carrier on or about September 8, 2001, at defendant's Central Square facility in Cambridge, Massachusetts.

7. New letter carriers for defendant are considered on probation for a period of ninety (90) days more or less when they start work.

8. Mr. Fortuna's supervisor when he began employment for

defendant was a supervisor named Dan Tobin.

9. Mr. Tobin was aware of Mr. Fortuna's age, particularly relative to the ages of other letter carriers, from the first conversation he held with Mr. Fortuna.

10. Virtually from the outset of Mr. Fortuna's employment, Mr. Tobin subjected Mr. Fortuna to continuing age-based comments relating directly to Mr. Fortuna.

11. Mr. Tobin told Mr. Fortuna that he (Mr. Tobin) had given up letter carrying at the age of forty-five (45) years because the job was too physically demanding for a man of that age or older to perform satisfactorily.

12. On another occasion, Mr. Tobin asked Mr. Fortuna point blank why a man of his age would want to work as a letter carrier.

13. Another time, Mr. Tobin said to Mr. Fortuna that he should consider another profession, one more suited to a man of Mr. Fortuna's age.

14. On information and belief Mr. Fortuna's younger colleagues were not subjected to this kind of negative age-based criticism and commentary.

15. Apart from these comments, Mr. Tobin gave Mr. Fortuna contradictory and abusive instructions, assignments and supervision.

16. On some occasions, Mr. Tobin instructed Mr. Fortuna to

appear for a shift at seven o'clock a.m.; and when he appeared at that time, after journeying from his home in Danvers to Cambridge, Mr. Tobin told him to leave and return at eleven o'clock a.m.

17. Mr. Tobin occasionally sent Mr. Fortuna on routes where no mail was available for delivery in the "relay boxes" where defendant's delivery trucks leave mail for letter carriers to retrieve and deliver it.

18. On at least one occasion when Mr. Fortuna called in to inform Mr. Tobin there was no mail for him to deliver, Mr. Tobin told him to wait for a delivery, which failed to appear in the succeeding four (4) hours. Meanwhile Mr. Fortuna remained in the vicinity, as instructed, awaiting the delivery.

19. On one occasion when Mr. Fortuna was waiting for mail to be delivered to the relay box from which he was to retrieve it prior to starting his delivery route, another supervisor appeared and criticized him for waiting for the mail to be delivered to the box.

20. On other occasions, Mr. Tobin assigned Mr. Fortuna to deliver mail which had not been properly sorted, meaning Mr. Fortuna needed to resort the mail prior to making any deliveries.

21. Mr. Fortuna was also not provided training as necessary to permit him to function satisfactorily as a letter carrier.

22. On information and belief other younger letter carriers were not subjected to the harassing time-to-appear assignments or the abusive working conditions assignments to which Mr. Fortuna was subjected.

23. At or about the mid-point of Mr. Fortuna's probationary period, Mr. Tobin told him that his performance was unsatisfactory and that he intended to terminate him.

24. After Mr. Fortuna's union steward interceded, Mr. Tobin permitted the steward to provide a week of training for Mr. Fortuna.

25. After two days of training, the steward reported back to Mr. Tobin that Mr. Fortuna was able to perform the duties of a letter carrier and was doing so satisfactorily. The steward also terminated the training at that time as unnecessary.

26. Despite this positive report from the shop steward, Mr. Tobin continued to criticize and find fault with Mr. Fortuna's job performance.

27. On or about December 5, 2001, or some two days prior to the end of his ninety-day probationary period, defendant terminated Mr. Fortuna's employment.

28. Based on his experience and Mr. Tobin's repeated remarks, Mr. Fortuna concluded that his age had been a factor in the decision to terminate him, and made an internal complaint.

29. When the internal complaint process concerning the

basis for his termination failed to take into account evidence he believed was important; and made a determination that was unfavorable to him, Mr. Fortuna chose to pursue his right to a judicial determination of his complaint.

## V. CAUSES OF ACTION

COUNT I: <u>DISCRIMINATION ON ACCOUNT OF AGE</u>

30. Mr. Fortuna hereby realleges and incorporates herein all allegations contained in all foregoing paragraphs of this Complaint as if fully set out herein.

31. United States law (the "Age Discrimination in Employment Act" or "ADEA") forbids discrimination in terms and conditions of employment on account of age, see 29 U.S.C. 623(a).

32. By harassing Mr. Fortuna with repeated comments concerning his age and its impact on his ability to serve satisfactorily as a letter carrier; by making disadvantageous and harassing work assignments; and by terminating Mr. Fortuna at the end of his probationary period, defendant discriminated against Mr. Fortuna on account of his age in violation of federal law.

33. Mr. Fortuna has suffered material and substantial injury and damage as a direct and proximate result of the defendant's violation of the Act.

COUNT II: <u>HOSTILE ENVIRONMENT AGE-BASED HARASSMENT</u>

34. Mr. Fortuna hereby realleges and incorporates herein

all allegations contained in all foregoing paragraphs of this Complaint as if fully set out herein.

35. Mr. Tobin's pattern of age based comments and questions were intentionally made with knowledge of Mr. Fortuna's membership in the protected class.

36. Mr. Tobin's remarks were frequent and regular and had a pervasive effect on Mr. Fortuna's working environment and the conditions of his employment.

37. The effects of Mr. Tobin's remarks were detrimental to Mr. Fortuna's working environment and the conditions under which he worked, and had a negative impact on him and his relationship to his work.

38. A reasonable person of Mr. Fortuna's age would have found Mr. Tobin's pattern of negative age-based remarks and questions offensive and would have suffered the same negative impact as that suffered by Mr. Fortuna.

39. Mr. Tobin was in a management position and was Mr. Fortuna's supervisor at all times when he made the negative age-based remarks and asked the age-based questions alleged in this complaint.

40. Mr. Tobin's negative age-based remarks and questions were harassing and created a hostile work environment for older workers, including Mr. Fortuna, and as such were discriminatory in violation of 29 U.S.C. §623(a).

41. Mr. Fortuna has suffered material and substantial injury and damage as a direct and proximate result of the defendant's violation of the Act.

## VI. RELIEF

WHEREFORE YOUR PLAINTIFF RICHARD FORTUNA hereby RESPECTFULLY REQUESTS that this Honorable Court:

1. Following a hearing on the merits, enter its findings of fact that:

   a) Defendant violated United States law, 29 U.S.C. §626(a) by harassing and terminating him on account of his age;

2. Issue its Orders requiring the defendant to:

   a) Forthwith cease any discrimination against employees on account of age;

   b) Forthwith restore Mr. Fortuna to his position of employment with it as a part time flexible city carrier; and to grant him a new probationary period which will be conducted 1) under a different supervisor than Mr. Tobin and 2) free from disadvantageous treatment on account of his age;

   c) Forthwith pay to Mr. Fortuna his lost wages due to his discriminatory termination; and a sum sufficient to compensate him adequately for the emotional distress suffered as a result of its illegal discriminatory termination of him in violation federal law;

3. Award Mr. Fortuna interest at the statutory rate on the total amount awarded to him in response to this Complaint between the date of his demand on defendant and the date of the Court's award;

4. Additionally, award your plaintiff Mr. Fortuna his costs and reasonable attorneys fees for prosecuting this action;

5. Grant such other and additional relief as may to the court appear meet and just.

PLAINTIFF CLAIMS A TRIAL BY JURY AS TO ALL COUNTS SO TRIABLE.

RESPECTFULLY SUBMITTED,
RICHARD J. FORTUNA
BY HIS ATTORNEY

Paul H. Merry, Esq.
44 School Street 10th Floor
Boston, MA 02108
(617) 720-2400
BBO No. 343580

DATE:

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
RICHARD J. FORTUNA

### DEFENDANTS
JOHN E. POTTER

(b) County of Residence of First Listed Plaintiff: **ESSEX**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed: **UNKNOWN**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
617 720 2400

Attorneys (If Known)

**04 12697 MLW**

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury |  | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
|  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☒ 442 Employment / Habeas Corpus: |  | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |  |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property |  / ☐ 550 Civil Rights |  |  |  |
|  |  / ☐ 555 Prison Condition |  |  |  |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Age Discrimination and harassment of probationary postal service employee

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ More than $50,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE: December 23, 2004
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #____ AMOUNT____ APPLYING IFP____ JUDGE____ MAG. JUDGE____