UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

<table>
<tr><td>RICHARD FORTUNA,<br><br>               Plaintiff,<br><br>v.<br><br>JOHN E. POTTER, POSTMASTER<br>GENERAL, UNITED STATES POSTAL<br>SERVICE,<br><br>               Defendant.</td><td>Docket No. 04-12697-MLW</td></tr>
</table>

## STATEMENT OF REASONS IN SUPPORT OF PLAINTIFF'S
## MOTION TO RECONSIDER ORDER
## DISMISSING PLAINTIFF'S COMPLAINT

### I. INTRODUCTION

Plaintiff Richard Fortuna hereby requests that this Honorable Court reconsider its order

dismissing his Complaint for failure to make and file return of proper service. His complaint is

meritorious and the failure to file is due to action by counsel and not to any action of his own.

### II. FACTS

Mr. Fortuna is a natural person, born May 11, 1951, and residing in Danvers

Massachusetts who has had a long and successful career in the automobile sales industry. In or

about mid-2001, he applied to defendant United States Postal Service (USPS) for a position as a

letter carrier. He was successful, and he began his career delivering mail on routes generally in

Somerville and Cambridge.

Over the early weeks of his employment, Mr. Fortuna's supervisor made several remarks about his age, the thrust of which was that he was an inappropriate candidate for the job of letter carrier because of his age. A series of other incidents occurred, some of which resulted in criticism of Mr. Fortuna; and on or about December 5, 2001, a day or two prior to the end of his ninety-day probationary period, his supervisor told him he was being terminated.

Mr. Fortuna grieved this termination through his union process and through the USPS internal equal employment mechanism. When the internal investigation produced a result unsatisfactory to him, Mr. Fortuna exercised his right to bring a civil action in United States District Court, and filed his Complaint on or about December 27, 2005. His counsel took steps to complete service of process of the Summons and Complaint and filing of the return within the time specified by the Rule, requesting that assisting attorneys and other staff assure that service was completed; but despite this effort, service was not completed timely.

Mr. Fortuna now applies for reinstatement of this action to the docket of the Court. The Clerk of the Court dismissed the action on June 22, 2005, pursuant to Fed. R. Civ. P., Rule 4(m) and Rule 4.1(b) of this Court, on account of the plaintiff's failure to file the return of service of process within 120 days of the timely filing of the complaint. In fact, as the accompanying returns will show, the summons and complaint were served approximately two weeks before the dismissal order issued, and the Defendant United States Postal Service ("USPS"), which has acknowledged it was served, has suffered no harm or prejudice as a result of late service.

The Complaint arises from Mr. Fortuna's dismissal from the USPS and alleges discrimination in the terms and conditions of his employment on account of his age. It was filed timely, on or about December 27, 2004, within the limitations period commencing upon the

-2-

conclusion of an internal USPS fair employment investigation[1]. The allegations include that statements demonstrating age animus were made by his supervisors in the course of several conversations regarding his functioning as a letter carrier, including one shortly prior to his dismissal. Accordingly, the allegations of the Complaint are substantial and warrant disposition on the merits, see Exhibit 1.

In March of 2005, within the time period for service of the Summons and Complaint, Mr. Fortuna's counsel asked an attorney who was assisting him to assure that service of process in the matter had been completed. However, this assisting attorney, experienced but newly arrived in Boston, reported she was unable to locate the original Summonses (although they were later located in the case file) and requested the issuance of three new original forms of Summons by letter dated April 12, 2005. New Summons forms dated April 15, 2005 were issued by the Court.

Shortly thereafter, towards the end of April, this assisting attorney ceased appearing at counsel's office and became unavailable for assistance on this matter. Thereafter, the following month, a successor assisting attorney was asked to assure that service of process in the matter was completed, see Exhibit 1. On June 6, 2005, copies of the original Summons and Complaint were served upon the Defendant, an agency of the United States Government, in accordance with F. R. Civ. P., Rule 4(i), as follows:

a.    To the Postmaster General, John E. Potter, by Certified Mail, Return Receipt
      Requested, in his official capacity, directed to the office of the Inspector General
      of the Postal Service at 1735 North Lynn Street in Arlington, Virginia. The

---

[1] Re-filing the Complaint in the matter may be problematic on account of the limited time Mr. Fortuna had to file the Complaint under Equal Employment Opportunity Commission rules.

-3-

original date of receipt is not known, but the Complaint and Summons reached the

desk of Assistant Inspector General Daniel Ellenbogen by June 17, 2005, as he

confirmed in a telephone conversation with attorney David J. Fried of this office

on June 29, 2005. It appears that the Complaint was immediately forwarded to

the Northeast Regional Office of the USPS Law Department for defense, see 7,

*infra*. See Exhibit 1.

b.    To the Attorney General of the United States, Alberto Gonzales, by Certified

Mail, Return Receipt Requested. The return receipt appears to have become

detached from the envelope and was returned to the office of the Plaintiff's

attorney on or around June 25, 2005. The Receipt bears no signature or other

acknowledgment; See Exhibit 2

c.    To Michael Sullivan, Esq., the United States Attorney for the District of

Massachusetts, by delivery on June 7, 2005, as is shown by a date stamped by that

office on the return card. See Exhibit 3.

The Defendant USPS duly assigned the defense of this action to its counsel, Aileen

Rogers, Esq., in its Northeast Regional Law Office in Windsor, Connecticut, shortly after June 6,

2005, as Ms. Rogers confirmed in a telephone conversation with Mr. Fried on June 30, 2005.

See Exhibit 4.    Ms. Rogers further stated that as of June 30, 2005 she had not yet opened or

reviewed the Complaint. See id.

Under the rule, service should have been on or before April 27, 2005. The delay between

then and June 6 was occasioned by the sudden and unexpected departure of the supporting lawyer

assigned to this matter from the office of Mr. Fortuna's attorney. While the clerk's office mailed

-4-

a letter notifying plaintiff's counsel of the imminence of its action, this letter was not seen by counsel and is absent from the case file, see Exhibit 4.

Counsel acted promptly upon receiving electronic notice of the court's action to contact the clerk's office and prepare the Motion this Memorandum in intended to support.

## IV.  DISCUSSION

As the above facts show,  both the delay in service in this matter and any resulting harm to the defendant were *de minimis*.  Plaintiff's counsel acknowledges that while he relied on support staff to complete the service and make the return, the delay was ultimately his responsibility.  The penalty of outright dismissal, however, means that because of his counsel's actions, plaintiff Mr. Fortuna will through no fault of his own be deprived of a judicial determination of his rights in a case where he has been wrongfully deprived of employment, while defendant has not been prejudiced.  Reinstatement of the Complaint to the docket of this Court will therefore serve the interest of justice.

Appellate courts considering the sanction of dismissal have recognized the discretion of the trial court to apply the appropriate corrective action where parties do not comply with provisions of the Rules.  At the same time, they have urged that the ultimate sanction of dismissal should be reserved for the most severe and egregious cases, *see, e.g., IN RE Somersworth Bank Cases,* 148 F.R.D. 1 (D.C. Maine 1993) (Dismissal of an action a sanction of last resort applicable only in extreme circumstances); quoting *Figueroa Ruiz v. Alegria,* 896 F.2d 196 (1ˢᵗ Cir. 1971) and *Spiller v. U.S.V. Laboratories, Inc.*, 842 F.2d 535 (1ˢᵗ Cir. 1988).  Rather, courts of appeal have urged that trial courts consider alternative sanctions prior to dismissing an action, *see, e.g., United States v. Pole No. 3172, Hopkinton*, 852 F.2d 636 (1ˢᵗ Cir. 1988)

Appellate courts have also recognized the fundamental unfairness of imposing the

sanction on a party where the error was committed by counsel. For instance, the Court of

Appeals for the First Circuit reversed a dismissal entered by the trial court on account of an

attorney missing a pre-trial conference, see *Velazquez-Rivera v. Sea-Land Service, Inc.* 920 F.2d

1072 (1st Cir. 1990)(Copy attached as Exhibit 5.) Here the court commented that while it would

not lightly disturb the discretionary decisions of the district court, and while the "most severe

sanction of dismissal" must be available to the court in appropriate circumstances, by the same

token the Court of Appeals would not "rubber stamp" the district court's decisions; and that

"fairness" required that some limits be placed upon use of dismissal as a sanction. In that matter,

parties retained an attorney at the court's instruction, who then prepared the necessary

documents. But an error in recording a conference in his schedule led the attorney to miss the

conference, which the district court sanctioned by dismissing the action.

On appeal the First Circuit first commented that its search of cases had located no

instance where the ultimate litigational sanction had been imposed where the misconduct of the

plaintiff had been so limited, that is, to an inadvertent if inexcusable omission by a counsel who

had performed in the case, see 920 F.2d at 1076. Relying on its finding that the misconduct was

not wilful, but rather was a simple mistake, the court held it did not believe that counsel was

deliberately neglecting the case; and concluded that the misconduct was insufficient to warrant

dismissal. Further supporting its view was its finding that, like here, the district court had as yet

not expended significant resources in the case (citing *Link v Wabash R.R. Co.*, 370 U.S.626

(1962)(six-year history); *Cosme Nieves v. Deshler*, 826 F.2d 1, 2 (1st Cir. 1987)(must be

extremely protracted inaction in the absence of other aggravating circumstances to warrant

-6-

dismissal under Rule 41(b); *Figueroa Ruiz v. Alegria*, 896 F.2d 645 (1st Cir. 1990)(relatively

short history and little expenditure of court time would have counseled lesser sanction.)  The

court also relied on the fact that, like here, the misconduct was relatively isolated and did not

appear to be part of a pattern of disobedience or negligent behavior, *see, Affanato v. Merrill*

*Bros.,*, 547 F.2d 138, 141 (1st Cir. 1977).

     Further, the circuit court held that in determining whether the harsh sanction of dismissal

is warranted, the trial court must consider all factors involved, and should impose this sanction

only if an equally effective but less drastic remedy could not be fashioned,  see, 920 F.2d at 1076

(quoting from *Pole No. 3172, supra*).

     The First Circuit has also rejected dismissal as the appropriate sanction in other cases

where omissions by counsel to satisfy court scheduling requirements had prompted the trial court

to impose this sanction,  *see, Bachier-Ortiz v. Colon-Mendoza,* 331 F.3rd 193 (1st Cir.

2003)(Single failure by counsel to calendar pre-trial appearance insufficient to warrant

dismissal); *Crossman v. Raytheon Long Term Disability Plan,* 316 F.3rd 36(1st Cir.

2002)(Dismssal unwarranted by possibly inadvertent failure to comply with single scheduling

order.)

     The basis for the court's action here is clear; and counsel as well as Mr. Fortuna respect

the importance of the court's power to manage cases towards expeditious resolution.  However,

the conduct leading to the imposition of the sanction of dismissal here (particularly by the party

plaintiff) was not sufficiently severe to warrant dismissal.  Repeated efforts were made to effect

timely service of the summons and complaint.  Indeed, counsel instructed not one support staff,

but two, to assure that service had been completed; and steps towards that completion (albeit

inadequate) were taken by those assisting attorneys. The key omission was failure to oversee the work of these assistants, exacerbated by the unexpected departure of one of them from counsel's office; and the failure to confirm completion of service in the intervening period between the location and retention of a successor.

Many other sanctions are available which would serve the court's legitimate interest in efficient prosecution of cases before it without depriving the plaintiff of his right to have his case determined on the merits. Counsel here acknowledges his ultimate responsibility for the failure to complete the service timely and file the return, although he reasonably relied on others assisting him with the process. A sanction directed against this conduct by way of a fine, costs of the court's action or other punishment would appear a reasonable means of making clear the importance of compliance with the timetable set out by the Rule short of the dismissal imposed by the court, particularly where, as here, defendant has not been prejudiced by the delay.

## IV.  CONCLUSION

For all the foregoing reasons, Mr. Fortuna respectfully requests that this Honorable Court reconsider its dismissal of his action and enter its order restoring the matter to its docket.

RESPECTFULLY SUBMITTED
**RICHARD FORTUNA,** Plaintiff
By his attorney,

Paul H. Merry, Esq.
BBO #343580
44 School Street
Boston, MA 02108

-8-

## EXHIBIT LIST

Exhibit A    Complaint

Exhibit B    Affidavit of Fried

Exhibit C    Copy of stamped Summons showing receipt by U.S. Attorney for
             Massachusetts with cover letter

Exhibit D    Copy of postal return card addressed to U.S. Attorney General Gonzalez
             with cover letter

Exhibit E    Copy of cover letter to United States Postal Service showing service

Exhibit F    Copy of *Velazquez-Rivera v. Sea-Land Service, Inc.*