UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RICHARD J. FORTUNA,          )
                               )
         Plaintiff,       )
                               )     Civil Action
v.                           )     No. 04-12697-MLW
                               )
JOHN E. POTTER, as he is    )
Postmaster General of the United States, )
        Defendant.    )

## ANSWER

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant John E. Potter, Postmaster General of the United States, without waiving, but expressly reserving, all rights that he may have to seek relief by appropriate motions, answers, upon information and belief, the individually numbered paragraphs in Plaintiff's Complaint as follows:

1.     Paragraph 1 sets forth a prayer for relief and as such no response is required; to the extent an answer is required Paragraph 1 is denied.

2.     Paragraph 2 sets forth a legal conclusion to which no response is required; to the extent a response is required, Paragraph 2 is denied.

3.     Admitted.

4.     As drafted, the allegations in Paragraph 4 are denied.  Defendant avers that Defendant is Postmaster General of the United States Postal Service an independently established  establishment of the executive branch of the government of the United States.

Defendant further avers that the Northeast Area Law Office is located at 8 Griffin Road North, Windsor, Connecticut.

5.     Defendant admits that Plaintiff applied in 2001 to be a letter carrier for the United States Postal Service.  Defendant denies sufficient knowledge or information to form a belief as to remainder of the allegations in Paragraph 5.

6.     Admitted.

7.     Admitted.

8.     Admitted.

9.     Denied.

10.    Denied.

11.    Denied.

12.    Denied.

13.    Denied.

14.    Denied.

15.    Denied.

16.    Denied.

17.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained in Paragraph 17 and denies the same, but avers that on occasion, there is no mail available for delivery in "relay boxes".

18.    Defendant admits that at least on one occasion Plaintiff was advised to wait for delivery but denies sufficient knowledge or information to form a belief as to the truth

of the remaining allegations contained in paragraph 18 and denies the same.

19.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained in Paragraph 19 and denies the same.

20.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained in Paragraph 20 and denies the same.

21.    Denied.

22.    Denied.

23.    Admitted.

24.    Defendant denies that  the steward "interceded."  Defendant admits the remaining allegations contained in paragraph 24.

25.    Defendant admits that the steward reported back to Mr. Tobin that Mr. Fortuna had improved.  Defendant denies sufficient knowledge or information as to the remaining allegations contained in paragraph 25 and denies the same.

26.    Denied.

27.    Denied.  The Defendant avers that the Plaintiff was verbally notified of his termination earlier than two days prior to the end of his probationary period but admits that the Postal Service Form 50 was cut on December 5, 2001.

28.    Defendant admits that Plaintiff filed an Equal Employment Opportunity complaint with Defendant.  As to the remaining allegations in paragraph 28, Defendant denies sufficient knowledge or information to form a belief as to the truth of those allegations and denies the same.

29.     Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 29 and denies the same.

30.     Defendant hereby realleges and incorporates his response to all allegations contained in the foregoing paragraphs as if more fully set forth herein.

31.     Paragraph 31 of the Complaint sets forth legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

32.     Denied.

33.     Denied.

34.     Defendant hereby realleges and incorporates his response to all allegations contained in the foregoing paragraphs as if more fully set forth herein.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Defendant admits that Mr. Tobin was in a management position and was Plaintiff's supervisor and denies the remaining allegations contained in paragraph 39.

40.     Denied.

41.     Denied.

42.     Defendant denies any remaining allegations of the complaint, not specifically denied herein including allegations contained under Section VI.

## AFFIRMATIVE DEFENSES

1.     Plaintiff fails to state a claim upon which relief can be granted.

2.     Defendant had legitimate and nondiscriminatory reasons for all of its

actions.

3.     Plaintiff failed to mitigate this damages.

4.     Plaintiff is not entitled to attorneys fees as relief under the Age

Discrimination in Employment Act.

5.     Plaintiff has failed to timely exhaust his administrative remedies.

6.     Plaintiff's claims are barred to the extent that Defendant took the actions

complained of (termination of Plaintiff's probationary employment) for

legitimate business reasons and those reasons are and were not pretextual.

7.     To the extent Plaintiff's request for damages might be construed to include a

request for punitive damages, punitive damages are not available in

employment discrimination actions against the United States of America or

its agencies.

8.     Plaintiff's claims should be dismissed to the extent that they were not

properly raised in the administrative process.

9.     Any and all treatment accorded to Plaintiff did not constitute prohibited

discrimination.

10.    Plaintiff is not entitled to a jury trial under the ADEA.

11.     Plaintiff is not entitled to compensatory damages under the ADEA

Respectfully submitted,

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY


By:     /s/Eugenia M. Carris
        EUGENIA M. CARRIS
        Assistant U.S. Attorney
        John Joseph Moakley U.S. Courthouse
        1 Courthouse Way - Suite 9200
        Boston, MA 02210
        (617) 748-3376

Dated: October 21, 2005

## Certificate of Mailing

I certify that plaintiff's counsel received a true copy of the above document by electronic mail.

/s/ Eugenia M. Carris
Eugenia M. Carris

6